■ In the Matter of PIERSE'S BROADWAY WINE AND LIQUOR CO., INC., Respondent, v. STATE LIQUOR AUTHORITY et al., Appellants.— Motion by respondent-appellant Joseph Mage to vacate an order of the Supreme Court, Kings County, dated April 7, 1965, staying the State Liquor Authority from issuing a retail liquor store license, which stay was continued by an order, dated September 7, 1965, pending the respondents' appeal from the order of September 7, 1965. In addition to continuing the stay, the latter order denied respondents' cross motions to dismiss the petition, directed respondents to answer the petition, and permitted a hearing on two days' notice. Motion dismissed, as academic, and appeals dismissed, without costs. The order dated September 7, 1965 is not appealable without permission. (CPLR 5701, subd. [b], par. 1.) Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR BOYD, Appellant.— Motion by respondent to dismiss appeal from an order of the County Court, Westchester County, dated November 16, 1962, which denied appellant's motion to inspect Grand Jury minutes. Motion granted; appeal dismissed. The order is not appealable (Code Crim. Pro., § 517). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KATHLEEN DUFFY, Appellant.— Motion by respondent to dismiss appeal from an order of the County Court, Westchester County, dated November 9, 1964, which affirmed an order of the Court of Special Sessions of the Village of Dobbs Ferry. Motion granted; appeal dismissed. The order is not appealable to this court (Code Crim. Pro., §§ 517, 519, 520). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

## (November 22, 1965)

■ In the Matter of HERMAN BROOKMAN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.— Motion by petitioner to confirm Referee's report. The Referee found that respondent represented a client in a real estate transaction while simultaneously maintaining an adverse personal financial interest. Motion granted; report confirmed and respondent suspended from the practice of law for six months, commencing December 15, 1965. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.